UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JULIE W.,

                     Plaintiff,        <u>DECISION AND ORDER</u>
                                              1:23-CV-03143-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2021, Plaintiff Julie W.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by the Law Office of Joseph A. Romano, Joseph Albert Romano, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 16).

This case was referred to the undersigned on March 7, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 12). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    *Administrative Proceedings*

Plaintiff applied for benefits on February 22, 2021, alleging disability beginning June 30, 2020. (T at 145, 275).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on March 8, 2022, before ALJ Mark Solomon. (T at 90-125). Plaintiff appeared with an attorney and testified. (T at 95-112, 113-119). The ALJ also received testimony from Nancy Gilpatrick, a vocational expert. (T at 120-24).

### B.    *ALJ's Decision*

On April 7, 2022, the ALJ issued a decision denying the application for benefits. (T at 48-69).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2020 (the alleged onset date) and would meet the insured status requirements of the Social Security Act through June 30, 2023 (the date last insured). (T at 53).  The ALJ concluded that Plaintiff's lumbar and cervical degenerative disc disease;

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

lumbar radiculopathy; and obesity were severe impairments as defined under the Act. (T at 54).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 57).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567(a), with the following limitations: she can sit for 6 hours and stand/walk for 2 hours during an 8-hour workday; lift/carry 10 pounds occasionally and 5 pounds frequently; and perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (T at 57-58).

The ALJ concluded that Plaintiff could perform her past relevant work as a user support analyst. (T at 64).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between June 30, 2020 (the alleged onset date) and April 7, 2022 (the date of the ALJ's decision). (T at 65).

On March 8, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on April 14, 2023. (Docket No. 1).  On August 15, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 12, 13).  The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits, on September 28, 2023. (Docket No. 17).  On October 12, 2023, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 18).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ....”  42 U.S.C. §

423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a

five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises three primary arguments in support of her request for reversal of the ALJ's decision.  First, she argues that the ALJ's step two analysis is not supported by substantial evidence.  Second, Plaintiff challenges the ALJ's RFC determination.  Third, she contends that the ALJ erred in assessing her subjective complaints.  This Court will address each argument in turn.

#### A.    Step Two Analysis

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20

C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co workers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at \*16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995). Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at \*5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

In the present case, the ALJ concluded that Plaintiff's lumbar and cervical degenerative disc disease; lumbar radiculopathy; and obesity were

severe impairments as defined under the Social Security Act. (T at 54).
Although the ALJ recognized additional impairments of right shoulder
partial tear and tendinosis, along with major depressive disorder,
adjustment disorder, and panic disorder, (T at 54), the ALJ determined that
these impairments were non-severe. (T at 54-57).  Plaintiff challenges this
aspect of the ALJ's decision.

### 1.   Shoulder Impairments

The ALJ concluded that Plaintiff's right shoulder impairments were
non-severe because "the objective medical evidence related to this
condition reflect[ed] overall modest findings, routine and conservative
management, and scant reference to meaningful ongoing symptoms or
physiologic deficits …." (T at 54).

The Court finds no reversible error as to this aspect of the ALJ's
decision.  As the ALJ noted, X-rays of Plaintiff's right shoulder were normal.
(T at 60, 690-91).  Dr. Silvia Aquiar, a consultative examiner, found full
range of motion and full strength in Plaintiff's shoulders bilaterally. (T at
688).  Dr. Ajendra Sohal, an independent medical examiner, reported that
Plaintiff exhibited guarding and allowed only partial right shoulder flexion,
but also demonstrated negative impingement sign and no tenderness to

palpation. (T at 794).  Dr. Sohal opined that Plaintiff could perform sedentary to light work with no lifting greater than 10 pounds. (T at 796).

Dr. Totero, another independent medical examiner, documented positive impingement and Neer's signs of the right shoulder, with decreased range of motion, but also found no atrophy, intact motor and sensory function, negative drop test, and apprehension signs. (T at 800-801).  Dr. Totero concluded that Plaintiff could return to regular duty work without restrictions. (T at 802).

Dr. Periakaruppan, a non-examining State Agency review physician, opined that Plaintiff could meet the demands of sedentary work. (T at 140). Dr. J. Randall, another State Agency review physician, concluded that Plaintiff could perform a reduced range of light work, provided she was not required to stand or walk more than 4 hours in an 8-hour workday. (T at 162).

This evidence is more than sufficient to sustain the ALJ's step two analysis under the deferential standard of review applicable here. Moreover, when formulating the RFC, the ALJ considered Plaintiff's complaints of shoulder pain causing limitation in her ability to reach. (T at 58).  The ALJ's decision to omit a reaching limitation from the RFC is supported by the evidence outlined above, including the clinical findings

and opinions from the examining and non-examining physicians and the normal findings from x-rays of Plaintiff's shoulder. (T at 60).

### 2. Mental Impairments

The Commissioner uses a "special technique" to evaluate the severity of mental impairments at step two of the sequential analysis. *See* 20 C.F.R. § 404.1520a(a).  The ALJ rates the degree of functional limitation resulting from the claimant's mental impairment(s) to determine whether the impairment(s) is/are "severe." *See id*. at § 404.1520a(d)(1).

To perform this analysis, the ALJ considers the degree of limitation in four (4) broad functional areas – understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.  If the limitation in these domains is no more than "mild," and if the evidence does not otherwise indicate more than a mild limitation in the claimant's activity to perform basic work activities, then the mental impairment(s) will be considered non-severe. *See id.*

"An ALJ's decision at step two that an impairment is not severe must be 'supported by 'substantial evidence' in the record as a whole.'" *Garcia v. Comm'r of Soc. Sec*., No. 20CIV7539PAESLC, 2022 WL 1051134, at *15 (S.D.N.Y. Jan. 31, 2022)(citations omitted).  However, "[i]t is the claimant's

burden to show at step two that she has a severe impairment." *Rye v. Colvin*, No. 2:14-CV-170, 2016 WL 632242, at *3 (D. Vt. Feb. 17, 2016) (internal quotation omitted).

"A step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe." *Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991 (MAT), 2018 WL 3751292, at *2–3 (W.D.N.Y. Aug. 7, 2018), *aff'd sub nom. Guerra v. Sau*l, 778 F. App'x 75 (2d Cir. 2019).

Here, the ALJ concluded that Plaintiff's major depressive disorder, adjustment disorder, and panic disorder did not, singly or in combination, cause more than minimal limitation in her ability to perform basic mental work activities. (T at 54).  The ALJ assessed no limitation in Plaintiff's ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage herself. (T at 56-57).

The Court finds no reversible error in this aspect of the ALJ's decision.  The ALJ noted that Plaintiff's mental status examinations were generally unremarkable and that she performed a range of activities of daily living, including shopping, managing money, developing a photography

hobby, using public transportation, maintaining relationships, and attending to basic chores. (T at 56-57, 637-40, 662-78, 680-84).

Dr. Jonathan Kent, an independent medical examiner, diagnosed major depressive disorder (in remission) and opined that Plaintiff could "return to work, from a psychological perspective, without any issues." (T at 807).  Two non-examining State Agency review physicians (Dr. S. Juriga and Dr. L. Haus) concluded that Plaintiff's psychiatric impairments were not severe. (T at 134-35, 156-57).

Dr. Michelle Sanders, a consultative examiner, found Plaintiff mildly depressed, but cooperative, with appropriate orientation, attention, and concentration; mildly impaired memory; and fair insight and judgment. (T at 682-83).  Dr. Sanders believed Plaintiff's psychiatric problems were not significant enough to interfere with her ability to function on a daily basis. (T at 683).  She diagnosed unspecified depressive and anxiety disorder and opined that that Plaintiff had no limitation as to understanding, remembering, or applying directions and instructions. (T at 683).

Dr. Sanders assessed mild to moderate impairment in Plaintiff's ability to interact adequately with friends, co-workers, and the public and mild limitation with respect to her capacity to sustain concentration and

pace; maintain an ordinary routine and regular attendance; and regulate her motions, control her behavior, and maintain her well-being. (T at 683).

The ALJ, however, reasonably found these restrictions unpersuasive, as they were not supported by the record (including Dr. Sanders's own mental examination and Plaintiff's activities of daily living) and not consistent with other medical opinion evidence (*i.e.*, the assessments of Dr. Kent, Dr. Juriga, and Dr. Haus). (T at 55).

Plaintiff offers an alternative reading of the record and an argument in support of adopting the more restrictive aspects of Dr. Sanders's opinion.

However, for the reasons stated above, the ALJ's decision is supported by substantial evidence (including a reasonable reading of the record and assessment of the medical opinion evidence) and must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude*

otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Notably, there also is a sufficient basis to conclude that the ALJ considered Plaintiff's non-severe mental impairments when formulating the RFC.  In particular, the ALJ referenced Plaintiff's activities of daily living, including her ability to manage money and attend to basic chores, explained that he was relying on the medical evidence and opinions of record, and recognized his obligation to consider all of Plaintiff's impairments, including those he determined were non-severe, when formulating the RFC. (T at 53, 57, 64).

Given the strength of the evidence that Plaintiff's mental impairments did not cause more than a mild limitation, if any, in her ability to meet the mental demands of basic work activity, along with the ALJ's statement that he considered all of Plaintiff's impairments, the Court has no trouble concluding that there is no basis on which to require a remand on this issue. *See Stanton v. Astrue*, 370 F. App'x 231, 233 n.1 (2d Cir. 2010); *Rivers v. Astrue*, 280 F. App'x 20, 23 (2d Cir. 2008).

B.   RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary

work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

As discussed above, the ALJ determined that Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can sit for 6 hours and stand/walk for 2 hours during an 8-hour workday; lift/carry 10 pounds occasionally and 5 pounds frequently; and perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (T at 57-58).

For the following reasons the Court finds the ALJ's RFC determination supported by substantial evidence, including assessments from examining and reviewing physicians.  Dr. Sohal, an independent medical examiner, opined that Plaintiff could perform sedentary to light work with no lifting greater than 10 pounds. (T at 796). Dr. Totero, another independent medical examiner, concluded that Plaintiff could return to

regular duty work without restrictions. (T at 802).  Dr. Periakaruppan, a State Agency review physician, opined that Plaintiff could meet the demands of sedentary work. (T at 140).  Dr. J. Randall, another State Agency review physician, concluded that Plaintiff could perform a reduced range of light work, provided she was not required to stand or walk more than 4 hours in a 8-hour workday. (T at 162).

Plaintiff cites the opinion of Dr. Aquiar, a consultative examiner, and argues for a more restrictive RFC.

Dr. Aquiar characterized Plaintiff's prognosis as guarded and opined that she had marked limitations with respect to bending, heavy lifting, carrying, prolonged standing and walking, climbing stairs, kneeling, crouching, and pushing/pulling with the upper extremities bilaterally.  (T at 689).

The ALJ found Dr. Aquiar's opinion "not fully persuasive." (T at 62). This conclusion is supported by substantial evidence and consistent with applicable law.[3]  The marked limitations identified by Dr. Aquiar were not

---

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.  The revised regulations apply to claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  The ALJ no longer gives "specific evidentiary weight to medical opinions," but considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).

consistent with the other medical opinion evidence of record, including the assessments of examining and reviewing physicians described above. The ALJ also reasonably found the marked restrictions not supported by the treatment record (which generally documented 4/5 or 5/5 ratings for motor strength, no atrophy, and normal sensory function) and by Dr. Aquiar's own exam findings, which revealed full range of motion, no sensory deficits, full strength in the upper and lower extremities, and no muscle atrophy. (T at 62, 497, 504, 512, 517, 524, 532, 540, 688).

These reasons are collectively sufficient to sustain the ALJ's conclusion that Dr. Aquiar's highly restrictive assessment is not fully supported by, or consistent with, the record. *See Koehler v. Comm'r of Soc. Sec.*, No. 20 CIV. 7707 (JCM), 2022 WL 875380, at *11-*13 (S.D.N.Y. Mar. 24, 2022); *Vecchio v. Comm'r of Soc. Sec.*, No. 120CV8105MKVSLC, 2022 WL 873175, at *3 (S.D.N.Y. Mar. 24, 2022).

C.    *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id.* (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available

medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision

is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She was forced to stop working in June of 2020 due to intense pain following a workplace accident in April of that year. (T at 96).  She lives alone.  (T at 97).  She attends to personal care without assistance, albeit slowly.  (T at 97-99).  She performs household chores, including preparation of simple meals. (T at 99-100).  She uses public transportation but prefers to avoid crowds. (T at 100).

She can sit for 10-20 minutes at a time. (T at 102).  Pain is more intense on some days than others. (T at 102-103).  Standing is limited to 10-15 minutes at a time.  (T at 103).  Reaching and handling are complicated by numbness in her left hand. (T at 104).  She can lift about 10 pounds. (T at 104).  Pain medication causes drowsiness. (T at 106).  She experiences episodes of anxiety and frustration, as well as some difficulty relating to others and flashbacks. (T at 107-108, 110-112).  Her pain is somewhat variable but is constant and limits her activities. (T at 109-110).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and

21

limiting effects of those symptoms were not entirely consistent with the evidence of record. (T at 58).

For the following reasons, the Court finds the ALJ's assessment of Plaintiff's subjective complaints supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record, including normal x-rays of the lumbar spine and shoulders, generally unremarkable clinical findings (including no indication of muscle atrophy), and a course of treatment described by medical providers as conservative.  (T at 57-64, 687-88, 691, 765, 799-803, 819-24).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ noted that Plaintiff's subjective complaints were not consistent with several opinions from examining and reviewing physicians, including (as discussed above) the assessments from Dr. Sohal, Dr. Totero, Dr. Periakaruppan, and Dr. Randall, all of whom opined that Plaintiff could perform work consistent with (or greater than) the limitations set forth in the RFC. (T at 140, 162, 796, 802).

Third, the ALJ reasonably found Plaintiff's complaints of disabling pain and limitation inconsistent with her activities of daily living, including household chores, shopping, managing money, and using public transportation. (T at 58-64).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhar*t, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir.

2010)(affirming ALJ's credibility determination in light of "substantial

evidence … showing that [claimant] was relatively 'mobile and functional,'

and that … allegations of disability contradicted the broader evidence");

*Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-

44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility

assessment, the ALJ appropriately considered Plaintiff's ability to engage in

certain daily activities as one factor, among others suggested by the

regulations, this Court finds no legal error in this aspect of the ALJ's

analysis.").

　　　Although Plaintiff suffers from some measure of pain and limitation,

the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found

her limited to a reduced range of sedentary work. (T at 57-58).  However,

"disability requires more than mere inability to work without pain." *Dumas v.*

*Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for

disability benefits would take on new meaning." *Id.*

　　　Here, the ALJ offered specific support for the decision to discount

Plaintiff's subjective complaints, including a reasonable reading of the

treatment notes, clinical findings, and medical opinion evidence, along with

proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: April 29, 2024                          *s / Gary R. Jones*
                                               GARY R. JONES
                                               United States Magistrate Judge